# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DARREN ROY MACK, | Case No.: 3:18-cv-00324-RCJ-CBC |
| Petitioner | |
| v. | **ORDER** |
| RENEE BAKER, et al., | |
| Respondents | |

Darren Roy Mack's pro se 28 U.S.C. § 2254 habeas corpus petition is before the court on respondents' motion for disclosure of assistance by counsel (ECF No. 14). Mack has not opposed the motion, and it shall be granted.

Respondents filed a similar motion in Mack's first federal petition, which was dismissed without prejudice for failure to exhaust state remedies. 3:12-cv-00104-RCJ-VPC. As before, respondents rely on an advisory ethics opinion issued by a committee of the State Bar of Nevada and move the court to require Mack to disclose whether he has received assistance of counsel while holding himself out as a pro se litigant and, if so, require such counsel to appear herein and affix their signature to any documents they assisted Mack in preparing (*see* exhibit C to ECF No. 14). Respondents note that they litigated a prior federal habeas petition that Mack filed in this court with the assistance of an attorney who they believe continued to assist Mack in litigating

the matter without disclosing that assistance after this court ordered that attorney disqualified from the case due to the existence of a conflict of interest. *Mack v. Baker*, 3:12-cv-00104-RCJ-VPC (ECF No. 12, p. 2). Respondents state that they believe Mack is again receiving undisclosed assistance from unidentified counsel. They argue that Mack does not have access to a computer that would allow him to produce this petition, which is type-written on pleading paper. They also argue that the structure, organization, and substance of the petition are consistent with a counseled petition rather than a pro se handwritten document on this court's form.

In Mack's previous federal habeas litigation, this court noted that, especially in light of the exigency of filing a timely habeas petition and the limited resources available to a typical prisoner, it is not uncommon for a certain amount of "ghost-writing" to occur with pro se habeas petitions—especially at the initial petition stage. However, the court also observed that Mack's situation was potentially more troublesome for two reasons. First, it appeared in Mack's first petition that the ghost lawyer was controlling the ongoing litigation of the case. Second, the suspected ghost lawyer represented Mack in state-court proceedings, which may have given rise to a conflict of interest that disqualified the lawyer from representing Mack in a federal petition. These concerns remain with respect to Mack's current federal petition.

Mack has not opposed the motion to disclose assistance of counsel. The motion is granted. Mack shall file a notice with this court that states whether he is receiving assistance from counsel in litigating this case and identifying any attorneys who are assisting him. Any identified attorney is required to either formally appear herein as Mack's counsel or refrain from any further involvement in this case.

**IT IS THEREFORE ORDERED** that the respondents' motion for disclosure of assistance by counsel (ECF No. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within **30 days** of the date of this order, petitioner **SHALL FILE** a notice with this court that states whether he is receiving assistance from counsel in litigating this case and identifying any attorneys who are assisting him.

**IT IS FURTHER ORDERED** that any attorney identified by Mack in the notice is required to either formally appear in this case as Mack's counsel or refrain from any further involvement in this case.

**IT IS FURTHER ORDERED** that if Mack fails to respond to this order, this action may be dismissed without further notice.

**IT IS FURTHER ORDERED** that respondents' motion for enlargement of time (ECF No. 15) is **GRANTED**. Respondents shall file a response to the petition within **60 days** of the date of this order.

DATED: This 18th day of April, 2019.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE