# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DARREN ROY MACK,

    Petitioner

v.

RENEE BAKER, et al.,

    Respondents

Case No.: 3:18-cv-00324-RCJ-CBC

**ORDER**

**The court notes at the outset that no courtesy copies—except as specified at the conclusion of this order—are required in this case at this time.**

Darren Roy Mack's pro se 28 U.S.C. § 2254 habeas corpus petition is before the court on a motion to substitute counsel (ECF No. 21). William J. Routsis seeks leave of the court to enter an appearance on behalf of Mack. Respondents filed a response, and Mack replied (ECF Nos. 22, 24).

Respondents oppose the motion, arguing that Routsis has a conflict of interest because he represented Mack in state-court proceedings (ECF No. 22). Conflicts of interest are governed by Nevada Rules of Professional Conduct, Rule 1.7, which states that generally a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. *See also* NRPC 1.9; Model Rule 1.7, Comment 8 ("Even where there is no direct adverseness, a conflict of

interest exists if there is a significant risk that a lawyer's ability to consider, recommend or carryout an appropriate course of action for the client will be materially limited as a result of the lawyer's other responsibilities or interests."); Model Rule 1.7, Comment 10 ("The lawyer's own interests should not be permitted to have an adverse effect on representation of a client. For example, if the probity of a lawyer's own conduct in a transaction is in serious question, it may be impossible for the lawyer to give a client detached advice.").

Here, Routsis represented Mack on Mack's motion to withdraw guilty plea, at sentencing, and in state district and appellate court postconviction proceedings (*see* exhibits A-D to ECF No. 22). This court dismissed Mack's first federal petition for failure to exhaust state remedies. 3:12-cv-00104-RCJ-VPC (ECF No. 67). His current federal petition sets forth 8 grounds for relief, arguing that, due to trial court error and ineffective assistance of plea counsel, he did not enter into the guilty plea agreement knowingly, intelligently, and voluntarily (ECF No. 12).

In his response in support of the motion to substitute counsel, Routsis argues that respondents have not identified the alleged conflict of interest (ECF No. 24). He also points out that the claims before this court do not contemplate whether he rendered effective assistance in state court because he did not represent Mack until the motion to withdraw guilty plea.

Mack signed the motion to substitute counsel (ECF No. 21). This is Mack's second federal petition, and the only exhausted claims before this court are claims that pre-date Routsis' involvement in Mack's state-court proceedings. This court is not persuaded that it should disqualify Mack's counsel of choice.

**IT IS THEREFORE ORDERED** that petitioner's motion to substitute counsel (ECF No. 21) is **GRANTED**.

**IT IS FURTHER ORDERED** that respondents shall file a response to the petition within **45 days** of the date of this order.

**IT IS FURTHER ORDERED** that petitioner shall have **45 days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules. Except as otherwise stated in this order, the provisions of the scheduling order dated September 25, 2018 (ECF No. 11) remain in effect.

**IT IS FURTHER ORDERED** that respondents' two motions for extension of time to file a responsive pleading (ECF Nos. 20, 23) are both **DENIED** as moot.

**IT IS FURTHER ORDERED** that petitioner's motion for extension of time to file a reply in support of his motion to substitute counsel (ECF No. 25) is **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that petitioner's request for submission (ECF No. 26) is **DENIED**.

**IT IS FURTHER ORDERED** that, at this time, the parties shall send courtesy copies of **any responsive pleading or motion and all INDICES OF EXHIBITS ONLY** to the Reno Division of this court. Courtesy copies shall be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. **No further courtesy copies are required unless and until requested by the court**.

Dated: March 5, 2020

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE