# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DARREN ROY MACK,

     Petitioner

v.

RENEE BAKER, et al.,

     Respondents

Case No.: 3:18-cv-00324-RCJ-CLB

**ORDER**

This habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion to dismiss Darren Roy Mack's petition as untimely (ECF No. 33).  As discussed below, the petition is dismissed as untimely.

## I.   AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions.  28 U.S.C. § 2244(d).  The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).  Further, a properly filed petition for state postconviction relief can toll the period of limitations.  28 U.S.C. § 2244(d)(2).

A petitioner may be entitled to equitable tolling if he can show "'(1) that he has been pursuing his right diligently, and that (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2009)(quoting prior authority). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).  The petitioner ultimately has the burden of proof on this "extraordinary exclusion."  292 F.3d at 1065.  He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing.  *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Ignorance of the one-year statute of limitations does not constitute an extraordinary circumstance that prevents a prisoner from making a timely filing.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

## II.    Mack's Federal Petition is Time-barred

Respondents have filed a motion to dismiss the petition as time-barred (ECF No. 33). They also argue that several grounds are not cognizable because Mack pleaded guilty and/or are procedurally barred from federal review. *Id*.

In November 2007, Mack pleaded guilty to first-degree murder and attempted murder with use of a deadly weapon (exhibit 154).[1] The conviction stemmed from an incident wherein Mack stabbed his ex-wife to death in his garage. He then drove to a downtown Reno rooftop

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 33, and are found at ECF Nos. 34-43.

parking lot. Sniper-style, he shot and seriously wounded the state district court judge who was presiding over his divorce through the window of the judge's courthouse chambers. He then fled to Mexico.

In December 2007, Mack filed a motion to withdraw his guilty plea, which the state district court denied. Exhs. 160, 186. The state district court sentenced Mack to a term of life with the possibility of parole after 20 years on count 1 and to a term of 96 to 240 months on count 2 with a like consecutive term of 96 to 240 months for the deadly weapon enhancement, count 2 to run consecutively to count 1. Exh. 197. Judgment of conviction was filed on February 8, 2008. *Id.*

The Nevada Supreme Court affirmed Mack's convictions on June 22, 2010. Exh. 255. His conviction became final for the purposes of the AEDPA statute of limitations on February 22, 2011 when the United States Supreme Court denied his petition for writ of certiorari. Exh. 263. He thus had one year from that date to file a timely federal petition. 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009) (conviction final when Supreme Court denies petition for writ of certiorari, or when time to seek writ expires); *see also* Sup. Ct. R. 13(1).

NRS 34.726(1) provides that a state postconviction habeas petition must be filed within one year of the issuance of remittitur for the direct appeal. Here, the Nevada Supreme Court granted Mack's motion to stay issuance of remittitur pending Mack's filing the petition for a writ of certiorari with the U.S. Supreme Court. Exh. 260. Remittitur ultimately issued on March 8, 2011. Exh. 264. Thus, in this case, the AEDPA statute of limitations expired about two weeks before the statute of limitations to file a state postconviction petition expired.

Mack did in fact file, through counsel, a federal habeas petition on February 22, 2012, the last day of the AEDPA limitations period. 3:12-cv-00104-RCJ-VPC. He acknowledged the expiration of the AEDPA limitations period and contemporaneously filed a motion to stay that first federal petition in order to exhaust state remedies as to ground 3. *Id*. at ECF No. 3.

This court granted respondents' unopposed motion to disqualify Mack's counsel because Mack raised ineffective assistance of counsel claims in the federal petition and his counsel on the federal petition had been co-counsel at trial. *Id*. at ECF No. 12.  Due to the disqualification of counsel, the court also denied the motion to stay without prejudice. *Id*. Mack did not file a new motion for stay. Ultimately, the court granted respondents' motion to dismiss in part, concluding that ground 3 of the petition was unexhausted. *Id*. at ECF No. 61. The court explained:

> In its order of April 28, 2014, this court indicated that it was amenable to considering a properly-filed motion for stay under the *Rhines* rubric. ECF No. 39, p. 3. Despite having ample time do so subsequent to that order, Mack has not filed such a motion. Accordingly, the remaining option for Mack is to delete the unexhausted claim and proceed with the exhausted claims. *See Rhines*, 544 U.S. at 278 (citing *Lundy*, 455 U.S. at 520). The court will provide him the opportunity to abandon Ground Three. If he does so, this case will proceed on his remaining exhausted claims. If he does not abandon his unexhausted claim, his entire petition shall be dismissed under *Lundy*.

*Id*. Mack did not respond to that order in any way. Therefore, the court dismissed the petition on March 12, 2015 without prejudice for failure to exhaust state remedies pursuant to the total exhaustion rule, and judgment was entered. *Id*. at ECF Nos. 67, 68.  Mack filed a motion for extension of time to file a notice of appeal. *Id*. at ECF No. 70. The court held that Mack failed to show excusable neglect or good cause. *Id*. at 79. The court noted that a future petition under 28 U.S.C. § 2254 would be subject to the one-year statute of limitations under 28 U.S.C. § 2244(d). The court continued:

> As respondents point out, petitioner can hardly claim ignorance of this impediment given that he filed a declaration in September of 2012 in which he

4

stated that "[u]nder no circumstances do I authorize this Court to dismiss this action, due to the statute of limitations of 28 U.S.C. § 2244(d)." ECF No. 14, p. 2. In addition, this court's order of October 20, 2014, explicitly explained that "dismissal under *Lundy* may result in claims being barred under the one-year deadline imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." ECF No. 61, p. 4.

*Id.* This court denied the motion and denied a certificate of appealability; The Ninth Circuit Court of Appeals also denied a certificate of appealability. *Id.* at ECF Nos. 67, 69, 79, 81.

Filing a federal action does not toll the AEDPA limitations period. *Duncan v. Walker*, 533 U.S. 167, 180 (2001). Accordingly, the limitations period expired the day after Mack filed the first federal petition. While respondents do not dispute that Mack filed a timely state postconviction habeas petition on March 8, 2012,[2] this is of no moment vis a vis the federal statute of limitations, which had already expired on February 22, 2012. The Nevada Supreme Court ultimately affirmed the denial of Mack's state postconviction habeas corpus petition in January 2018. Exh. 335.

Mack dispatched the instant federal habeas corpus petition in this action for filing in June 2018 (ECF No. 12). Thus, this federal petition was filed more than six years after the AEDPA deadline.

Mack asserts that while the timely-filed first state habeas petition was pending "the one-year clock for filing a new federal habeas petition had not yet restarted" (ECF No. 46, p. 3). However, respondents are correct that there was no clock to "re-start" as the federal limitations period had already expired. Mack also argues—correctly—that the instant federal habeas petition is not an impermissible second or successive petition, which is of no relevance here because the issue is timeliness. *Id.* at 5. Mack urges that he is entitled to equitable tolling of the statute of

---

[2] The Nevada Supreme Court issued the remittitur on Mack's direct appeal on March 8, 2011. Exh. 264; NRS 34.726(1).

5

limitations. *Id*. at 6-8. But he argues that he could not have anticipated that the one-year federal period would run two weeks before the one-year state period.  However, not only did Mack file a timely federal petition, but his filings also demonstrate that he had actual knowledge of when each limitations period would expire. Mack simply has not shown extraordinary circumstances prevented him from timely filing or that he acted diligently.  When the court denied the motion to stay the first federal habeas petition, the denial was without prejudice, and the court expressly stated that it would entertain a future motion to stay pursuant to *Rhines*. Mack failed to file a new motion for stay, failed to respond to respondents' motion to dismiss, and failed to respond to this court's order directing him to elect whether to abandon the unexhausted ground. When Mack filed a motion seeking an extension of time to file a late notice of appeal, this court concluded that Mack failed to establish excusable neglect or good cause. 3:12-cv-00104-RCJ-VPC, ECF No. 79. As respondents point out, central to this court's denial of that motion was that Mack's inaction, which led to dismissal of his petition, occurred while he was fully apprised of the consequences of the dismissal of the petition with respect to the statute of limitations. *See id*. Mack's failure to act led to the dismissal of his first petition. He has certainly not established extraordinary circumstances or the requisite diligence.  He has not shown that he is entitled to equitable tolling.  Therefore, the petition is dismissed with prejudice as untimely.

### III.     Motion for Evidentiary Hearing

Mack also filed a motion for evidentiary hearing on the merits of his claims (ECF Nos. 52, 56).  As respondents point out, the motion is premature because respondents have not yet filed an answer to the petition. Additionally, generally this court's review would be limited to the record that was before the state court. 28 U.S.C. § 2254(d). The court also notes that Mack

1 addresses only some of the requirements of § 2254(e)(2)[3] and then only in a cursory fashion.  In

2 any event, timeliness is a threshold issue.  Because the petition is untimely, the motion for

3 evidentiary hearing is denied as moot.

4        IV.    **Certificate of Appealability**

5        This is a final order adverse to the petitioner.  As such, Rule 11 of the Rules Governing

6 Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA).

7 Accordingly, the court has sua sponte evaluated the claims within the petition for suitability for

8 the issuance of a COA.  See 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th

9 Cir. 2002).

10        Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made

11 a substantial showing of the denial of a constitutional right."  With respect to claims rejected on

12 the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's

13 assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473,

14 484 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)).  For procedural rulings,

15 a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid

16

17  [3] 28 U.S.C. § 2254(e)(2) provides:

18        If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant

19 shows that--

20        (A) the claim relies on--

21        (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

22        (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

23        (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id.*

Having reviewed its determinations and rulings in dismissing Mack's petition, the court finds that none of those rulings meets the *Slack* standard.  The court therefore declines to issue a certificate of appealability.

V.   **Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss the petition as time-barred (ECF No. 33) is **GRANTED** as set forth in this order.  The petition is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that petitioner's motion for hearing before district judge and amended motion for hearing before district judge (ECF Nos. 52 and 56) are both **DENIED** as moot.

**IT IS FURTHER ORDERED** that the following motions filed by petitioner: first motion to extend time to respond to motion to dismiss (ECF No. 44); second motion to extend time to respond to motion to dismiss (ECF No. 45); first motion to extend time to reply in support of motion for hearing (ECF No. 62); and second motion to extend time to reply in support of motion for hearing (ECF No. 63) are all **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that petitioner's two motions for leave to file excess pages (ECF Nos. 53 and 57) are both **GRANTED**.

**IT IS FURTHER ORDERED** that the following motions filed by respondents: motion to extend time to reply in support of motion to dismiss (ECF No. 51); first motion to extend time to respond to motion for hearing (ECF No. 55); second motion to extend time to respond to motion for hearing (ECF No. 59) are all **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

Dated: February 24, 2021

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE